UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LUCAS, et al.,<br><br>　　　　　Defendants. | 1:19-cv-00454-AWI-GSA (PC)<br><br>**ORDER DISMISSING COMPLAINT FOR VIOLATION OF RULE 8(a) AND FOR FAILURE TO STATE A CLAIM UNDER § 1983, WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO FILE AMENDED COMPLAINT NOT EXCEEDING 25 PAGES** |

**I.　BACKGROUND**

　　Etuate Sekona ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On April 9, 2019, Plaintiff filed the Complaint commencing this action, which is now before the court for screening.  28 U.S.C. § 1915.  (ECF No. 1.)

1

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.    SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at Kern Valley State Prison in Delano, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the Complaint allegedly occurred. Plaintiff names as defendants Correctional Officers Lucas, Gonzales, Hancock, and Robles (collectively, "Defendants"). Plaintiff proceeds against Defendants in their individual and official capacities.

///

Plaintiff's allegations follow:[1]

On August 17, 2018, defendant Lucas cancelled Plaintiff's grievances against defendants Robles and Hancock due to time limits after four months of screening. On October 2, 2018, defendant Lucas cancelled Plaintiff's staff complaint against defendant Hancock. Defendant Hancock violated Plaintiff's rights by opening Plaintiff's legal mail outside his presence on October 2, 2018. Plaintiff filed a 602 against him and defendant C. Gonzales cancelled it on February 19, 2019. Defendants A. Lucas and C. Gonzales denied responsibility. They are appeal coordinators at KVSP. Defendants Hancock and Robles violated Plaintiff's rights to legal mail. On October 30, 2018, Plaintiff filed a 602 against defendant Litigation Coordinator Hancock. After three and a half months it was back. Then in February 2019 it was cancelled by defendant C. Gonzales, a Litigation Coordinator who helps Lucas.

Plaintiff wrote and requested assistance in English because his English test score was 2.3, not over 4 points. They refused and mocked Plaintiff's misspelling of English words. English is Plaintiff's second language. He did not finish high school or get a diploma. Because of adverse actions by defendants Lucas and Gonzales, Plaintiff lacks equal access to administrative remedies and the court. Since 2017, defendant Lucas tried to block Plaintiff's staff complaints KVSP-0-18-03810, 18-02781, 0-19-008-9, 0-18-03368, KVSP 0-19-00811, and 0-17-03353. This violates Plaintiff's First and Fourteenth Amendment rights, due process rights, prejudice and deliberate indifference.

In May and June 2017, Plaintiff filed a grievance against C/O Bauder [not a defendant] for staff misconduct. Plaintiff never got it back from defendant Lucas. Plaintiff filed a duplicate on September 24, 2017. Defendant Lucas did not approve an investigation or allow Plaintiff to refile a new one. Plaintiff refiled anyway and Lucas cancelled it. On October 17, 2017, Plaintiff wrote to the KSVP Chief Appeals officer and complained about his 602 # KVSP-0-17-02787 filed in June 2017, but he never received a reply. On November 30, 2017, A. Lucas cancelled

---

[1] Plaintiff's allegations in the Complaint are rambling, difficult to decipher, and interspersed with legal argument and case cites. The court has made a good faith attempt to report the allegations reflecting the meaning intended by Plaintiff.

Plaintiff's 602 for time limits.  But he never gave Plaintiff any investigative help or allowed him a second chance.

On May 13, 2017, C/O Reyraga [not a defendant] worked at KVSP's Medical Clinic and always harassed Plaintiff there when he saw the doctor or nurse.  Plaintiff filed a 602 against her sometime in May or June, which was lost or destroyed.  A. Lucas cancelled it when Plaintiff tried to refile it but never helped Plaintiff write in English or investigate.

Plaintiff was wrongfully convicted and put away in segregation on C-status, and his food, TV, Hot Pot, and fan were taken.  While he was in the hospital, Lucas and Gonzales stole Plaintiff's personal property.  Plaintiff never had access to 602 prison grievances because of Lucas and Gonzales's outrageous actions.  Hancock, the Litigation Coordinator, still looked at Plaintiff's legal mail, opened it up and read it to find reasons to retaliate.  On January 31, 2019, Plaintiff had a court settlement conference.  Hancock declined to take Plaintiff, delaying justice and violating the First Amendment's access to courts.  Plaintiff's chronic health problems are worse because of segregation.  Plaintiff cannot file a grievance because of threats of being past the time limits.

Defendant Gonzales is an officer and appeal screening coordinator at KVSP.  He causes Plaintiff's appeals to be declined, cancelled, or rejected, in violation of due process and the First Amendment.  On February 19, 2019, he cancelled Plaintiff's 602 about staff misconduct to his legal mail by defendant Hancock.  Lucas and Hancock worked together to stop Plaintiff's access to the courts.  On March 8, 2019, Hancock rejected Plaintiff's 602 for Lucas's misconduct, blocking lots of Plaintiff's 602's.

On July 31, 2018, defendant Robles refused to pick up or sign Plaintiff's legal mail.  Plaintiff asked him twice at 5:30pm and 9:00pm.  But by August 1st, Plaintiff's legal mail was not signed or taken from his cell door.  This delay caused damage to Plaintiff's litigation of cases.  It was not an excuse that Robles was working a voluntary overtime shift.  His obligation was to sign and take care of the regular and legal mail, to sign and seal in the presence of the owner of the mail.  Other officials also damaged Plaintiff's litigation.

On October 2, 2018, defendant Hancock sent an officer [not a defendant] who opened

and re-taped 6 pieces of Plaintiff's mail, 3 from the Attorney General's office and 3 from the court.  This violated Plaintiff's right to have his mail opened in his presence.  On January 31, 2019, defendant Hancock did not let Plaintiff go to his settlement conference at the court, out of retaliation.  Defendants Lucas and Gonzales tried to protect Hancock by cancelling Plaintiff's 602 against Hancock.  When Plaintiff complained to them, they schemed more, making the 602 remedy unavailable to Plaintiff and denying him access to the courts.

Plaintiff requests as relief a declaration, attorney's fees, costs of suit, and compensatory and punitive damages.

**IV.    PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983,

'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Federal Rule of Civil Procedure 8(a)

Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required. Plaintiff must only set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555.

Plaintiff's Complaint is not a short, plain statement of his claims. His allegations and statement of facts are rambling and difficult to understand. Plaintiff intersperses his allegations with legal cites and conclusory statements. Because Plaintiff's Complaint does not clearly and succinctly state what happened, Plaintiff's Complaint shall be dismissed for violation of Rule 8(a), with leave to amend. Twenty-five pages are more than sufficient for Plaintiff to state his allegations and claims in the First Amended Complaint. To comply with Rule 8(a), Plaintiff must clearly and succinctly set forth his allegations, preferably in chronological order. Plaintiff should not state the same allegations more than once, or include any case cites or legal analysis in the amended complaint.

///

///

### B. Official Capacity

Plaintiff sues the Defendants in their individual and official capacities. To the extent that Plaintiff is attempting to pursue damages claims against the named Defendants in their official capacities, he may not do so. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dep't. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. Sys., 939 F.2d 676, 680 n.2 (9th Cir. 1991). Thus, Plaintiff may only proceed against Defendants in their individual capacities for monetary damages.

### C. **Appeals Process**

Plaintiff's allegations against some of the Defendants pertain to their review and handling of Plaintiff's inmate appeals. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982), accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest

requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).; Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017).

Thus, Plaintiff's allegations that any of the Defendants failed to properly process Plaintiff's appeals fails to state a cognizable claim.

**D.     Loss of Personal Property**

Plaintiff claims that some of his personal property was taken by prison officials, namely his food, TV, hot pot, and fan. Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, a plaintiff has no due process claim based on the defendants' unauthorized deprivation of his personal property—whether intentional or negligent—if a meaningful state post-deprivation remedy for his loss is available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). California's tort claim process provides that adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); see also Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); Kemp v. Skolnik, No. 2:09-CV-02002-PMP, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth Amendment claim
///
pursuant to Hudson and noting that "[i]f Plaintiff wishes to recoup the value of the alleged lost

materials, he will have to file a claim in small claims court in state court.").

Therefore, Plaintiff fails to state a due process claim for confiscation of his personal property.

### E. Access to Courts

Plaintiff claims he was denied access to the courts when his mail was not sent out in a timely manner and when his 602 appeals were repeatedly denied or otherwise mishandled. As discussed above, actions in reviewing prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley, 997 F.2d at 495. Therefore, Plaintiff's allegations that Defendants did not properly process Plaintiff's 602 appeals fail to state a claim for denial of access to courts.

Plaintiff also claims that some of the Defendants purposely delayed sending out his mail, which affected the litigation of his cases. Plaintiff has a constitutional right to access the courts, but the interferences complained of by Plaintiff must have caused him to sustain an actual injury. Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002) Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009); Jones, 393 F.3d at 936. The absence of an injury precludes an access claim, and Plaintiff's complaint is devoid of any facts suggesting any injury occurred. Harbury, 536 U.S. at 415-16; Jones, 393 F.3d at 936. Defendants' actions must have been the proximate cause of actual prejudice to Plaintiff. Silva, 658 F.3d at 1103–04. To state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation" by being shut out of court. Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348, 351); Christopher, 536 U.S. at 415; Phillips, 588 F.3d at 655. The complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it. Christopher, 536 U.S. 403.

///

Here, Plaintiff fails to allege facts showing that the delay of his mail caused him an actual injury, which requires actual prejudice to contemplated or existing litigation by being shut out of court. Therefore, Plaintiff fails to state a claim for denial of access to the courts.

### F.     Fourteenth Amendment – Due Process - Hearing on RVR

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). "When protected interests are implicated, the right to some kind of prior hearing is paramount . . . ." Neal v. Shimoda, 131 F.3d 818, 830 (9th Cir. 1997) (quoting Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569-70 (1972)). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin, 515 U.S. 472. In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached . . . ." Hill, 472 U.S. at 455-56.

Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983); see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

Plaintiff claims that he was placed in administrative segregation as a result of his conviction at a disciplinary hearing. He also alleges that some of his personal property was taken and his health problems became worse because of being placed in segregation. Plaintiff has not described conditions related to his housing in administrative segregation that impose atypical and significant hardships on Plaintiff in relation to the ordinary incidents of prison life. Therefore, Plaintiff has not established a liberty interest for which due process protections apply, and Plaintiff fails to state a due process claim based on his housing in administrative segregation, loss of personal property, and suffering an undescribed health problem.

**G.    Equal Protection – Fourteenth Amendment**

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious

discrimination based on race. See Wolff, 418 U.S. at 556. Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Equal protection claims are not necessarily limited to racial and religious discrimination. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class); see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); Hightower v. Schwarzenegger, 2007 WL 732555 (E.D. Cal. March 19, 2008).

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

Plaintiff states conclusory allegations that he was discriminated against by defendants because of his inability to speak the English language well. However, Plaintiff fails to plead facts indicating that he or inmates who spoke English as a second language were purposely discriminated against for that reason by any of the Defendants.

**H.  Retaliation**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a

state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

Plaintiff's allegations are conclusory and fail to allege that any of the Defendants took "adverse action" against Plaintiff *because of* his 602 appeals or litigation. Moreover, Plaintiff has failed to allege facts for each of the elements of a claim for retaliation.

### I.     State Law Claims

Plaintiff brings claims for forgery and negligence. These are state law claims. Plaintiff is informed that violation of state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the court fails to find any cognizable federal claims in the Complaint. Therefore, Plaintiff's state claims fail.

### J.     Mail Tampering

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Nevertheless, correctional institutions and jails have a legitimate governmental interest in imposing certain restraints on inmate or detainee correspondence to maintain order and security. See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413–14 (1989). For example, inmates and detainees may have their mail screened to ensure that there is no contraband inside. Mangiaracina v. Penzone, 849 F.3d 1191, 1195 (9th Cir. 2017). The mere

fact that prison officials open and conduct a visual inspection of a prisoner's mail does not state a claim for violation of a prisoner's constitutional rights. Wolff, 418 U.S. at 576–77; Nordstrom v. Ryan, 762 F.3d 903, 908-909 (9th Cir. 2014) ("Nordstrom I"); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996).

Prison officials may examine an inmate's mail without infringing his rights and inspect non-legal mail for contraband outside the inmate's presence. United States v. Wilson, 447 F.2d 1, 8 n. 4 (9th Cir. 1971); Witherow, 52 F.3d at 265–66 (upholding inspection of outgoing mail). In the Ninth Circuit, "mail from the courts, as contrasted with mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). "All correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." Id. at 1094 (citing to Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987) ).

Under federal law, "legal mail" entitled to First Amendment protection is narrowly defined as confidential correspondence between a prisoner and his attorney. See Nordstrom I, 762 F.3d at 909. The Ninth Circuit "recognize[s] that prisoners have a protected First Amendment interest in having properly marked legal mail [including civil mail] opened only in their presence." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). However, an isolated instance or occasional opening of legal mail outside the inmate's presence does not rise to the level of a constitutional violation. See Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989).

Plaintiff alleges that some of the Defendants opened his legal mail outside of his presence, and some refused Plaintiff's request to sign and pick up mail from his cell. These allegations fail to state a constitutional violation. Plaintiff alleges that his mail from the court and from the Attorney General's Office was improperly opened outside his presence. Mail from the court is not legal mail. Plaintiff does not allege that any of the Defendants improperly read his legal mail, or prevented him from sending legal mail. Moreover, Plaintiff does not allege that any of the correspondence was properly marked mail to his attorney or prospective attorney. Thus, Plaintiff fails to state a claim for interference with his mail under the First and Sixth Amendments.

///

### K. **Declaratory Relief and Attorney's Fees**

Besides monetary damages, Plaintiff requests a declaration, costs of suit, and attorney's fees as relief. Declaratory relief should be denied because it is subsumed by Plaintiff's damages claim. See Rhodes, 408 F.3d at 565-66 n.8 (because claim for damages entails determination of whether officers' alleged conduct violated plaintiff's rights, the separate request for declaratory relief is subsumed by damages action); see also Fitzpatrick v. Gates, No. CV 00-4191-GAF (AJWx), 2001 WL 630534, at *5 (C.D. Cal. Apr. 18, 2001) ("Where a plaintiff seeks damages or relief for an alleged constitutional injury that has already occurred declaratory relief generally is inappropriate[.]") Therefore, Plaintiff is not entitled to a declaratory relief if he prevails in this action.

With regard to attorney's fees, "[i]n any action or proceeding to enforce a provision of section[] 1983 . . . , the court, in its discretion, may allow the prevailing party . . . reasonable attorney's fees. . . ." 42 U.S.C. § 1988(b). However, Plaintiff's contention that he is entitled to attorney's fees if he prevails in this case is without merit. Plaintiff is representing himself in this action. Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails. See Friedman v. Arizona, 912 F.2d 328, 333 n.2 (9th Cir. 1990), superseded by statute as stated in Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005); Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987); see also Rickley v. Cnty. of Los Angeles, 654 F.3d 950, 954 (9th Cir. 2011) ("The Court accordingly adopted a per se rule, categorically precluding an award of attorney's fees under § 1988 to a pro se attorney-plaintiff." Therefore, Plaintiff is not entitled to attorney's fees if he prevails in this case.

### V. **CONCLUSION AND ORDER**

For the reasons set forth above, the court finds that Plaintiffs Complaint violates Rule 8(a) of the Federal Rules of Civil Procedure and fails to state any cognizable claims against any of the Defendants for violating his constitutional or other federal rights. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Therefore, Plaintiff shall be granted leave to amend the complaint. The court will provide Plaintiff with thirty days to file a First Amended Complaint curing the deficiencies

identified above.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  **The amended complaint may not exceed 25 pages.**

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal at 678 (quoting Twombly, 550 U.S. at 555).

Plaintiff must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant is involved, or how implementation of the underground regulation caused violation of his rights.

Plaintiff may not change the nature of this suit by adding unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).   Also, Plaintiff is not granted leave to add allegations to the amended complaint of events that occurred after April 9, 2019, the date the original Complaint was filed.

As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint, filed on April 9, 2019, is dismissed for violation of Rule 8(a) of the Federal Rules of Civil Procedure and for Plaintiff's failure to state a claim upon which relief may be granted, with leave to amend;

///

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty days from the date of service of this order, Plaintiff shall file a First Amended Complaint curing the deficiencies in the Complaint identified by the court;

4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:19-cv-00454-AWI-GSA-PC; and

5. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **June 27, 2020**                     **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE