UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>    Plaintiff,<br><br>  vs.<br><br>LUCAS, et al.,<br><br>    Defendants. | **1:19-cv-00454-AWI-GSA (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER**<br>**(ECF No. 9.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS** |

Plaintiff is a state prisoner proceeding *pro se* and in *forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 9, 2019. (ECF No. 1.) On June 29, 2020, the court screened the Complaint and dismissed it for failure to state a claim with leave to file a First Amended Complaint within thirty days. (ECF No. 9.)

It has been more than fourteen months since the court granted Plaintiff leave to file a First Amended Complaint. During that time Plaintiff has filed ten motions for extension of time to file the First Amended Complaint. (ECF Nos. 10, 12, 14, 16, 18, 20, 22, 24, 26, 28.) The court's order issued on July 22, 2021, granted Plaintiff thirty days in which to file the First Amended Complaint. (ECF No. 27.) On September 2, 2021, Plaintiff filed a motion for extension of time,

which was denied by the court for Plaintiff's failure to show good cause. (ECF Nos. 28, 29.) Therefore, it will be recommended that this case be dismissed for Plaintiff's failure to comply with the court's order issued on June 29, 2020.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since April 9, 2019. The Court cannot continue to expend its scarce resources assisting a litigant who will not amend his Complaint in compliance with the court's order. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file an amended complaint that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions in this circumstance are of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, the Court **HEREBY RECOMMENDS** that this action be dismissed without prejudice, based on Plaintiff's failure to obey the Court's order issued on June 29, 2020.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 21, 2021**                              **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE